Akers, Administrator, *v.* West *et als.*

Akers, Administrator, *v.* West *et als.*

1. ADMINISTRATION.  *Creditor's claims.  What is a sufficient presentation of.  Statute of two years and six months.  Statement.*  Where letters of administration were issued on the —— day of ——, 1868, and the administrator filed a bill in the Chancery Court to wind up the estate as an insolvent estate, June 6, 1868, and an order was made in the cause at September Term, 1868, directing notice to be given to creditors to file their claims by the May Term, 1869, and the creditor appeared and procured an order making him a defendant to this proceeding at the May Term, 1869, with leave to file his claim by next term, and he failed to do so, but filed it November 28, 1870.  Exceptions were taken because the claim was not filed in time, insisting upon the Statute of Limitations.  The Chancellor allowed the exceptions, from which decree the creditor appealed.

*Held,* The Court, having declared the appellant a creditor, at May Term, 1869, and so pronounced him, and made him a party defendant, this must be taken as a presentation of the claim in the sense of the law, and a recognition thereof by the Court. If the demand was not then barred, the failure to present it within the time prescribed in the decree, and notice could not affect it.  Under the Statute the presentation would still be good, if made before the final appropriation of the funds.

2. SAME.  *Same.  Statute of Limitations.*  The Chancellor's order that claims be filed by or before a subsequent term, can not lessen or enlarge the statutory bar.

Code, Sections 2,330, 2,376, 2,378.

---

FROM WARREN.

---

Appeal from the Chancery Court.   A. S. MARKS, Chancellor.

Akers, Administrator, *v.* West *et als.*

Jordon Stokes for Complainant.

Jno. H. Savage for defendants.

Sneed, Judge, delivered the opinion of the Court.

The complainant, as administrator of William West, deceased, filed an insolvent bill June 6, 1868, in the Chancery Court at McMinnville, against the heirs and creditors, and at September Term, 1868, a decree was rendered transferring said estate to the Chancery Court for administration under the insolvent law, and directing the complainant to give notice to creditors to file their claims by the next succeeding May Term, 1869. The bill states the qualification of complainant as administrator, on the —— day of ——, 1868, without specifying the day or the month. W. B. Stokes claims to be a creditor of said estate, under a decree of the Chancery Court at Woodbury, where the record and papers having been destroyed, a decree was pending to have them supplied, which, it seems, was finally consummated August 28, 1869, and a decree entered directing the Clerk and Master to certify a transcript of said proceedings as evidence of Stokes' claim to the said Chancery Court at McMinnville. At the May Term, 1869, of the latter Court, an order was entered directing that W. B. Stokes, a creditor of Wm. West, deceased, be made a party defendant, and have until next term to file his claim. At the May Term, 1870, a decree was entered, referring the case to the Master for a report of the assets and liabilities of the estate of William West, and at the May Term, 1871,

the Master made his report, in which he included the debt due to Stokes, stated at $673.40, and representing it as having been filed November 28, 1870. The complainant excepted to the allowance of Stokes' debt, because not filed in time, and because it was barred by the statute of limitation, and upon the further ground that the same was "insufficient, illegal and void," to quote the words of the exception. The Chancellor allowed the exceptions and rejected Stokes' claim, from which decree he has appealed.

The statutes regulating the administration of insolvent estates, provide that "all creditors who shall fail to bring forward their demands, or to come in under these proceedings, and present their claims within the time prescribed by law, shall be for ever barred and prohibited from becoming parties to such proceedings." Code, Section 2,376. And a subsequent section provides that "to save the operation of the statute of limitations, any creditor may present his claim to the Clerk and Master in vacation as well as in term-time, and apply to become a party to the proceeding." Code, Section 2,378. Now, even if it were clear upon the facts, which we do not concede, that two years and six months had elapsed from the qualification of the complainant as administrator, before November 28, 1870, when we suppose the transcript from Woodbury was actually filed in the Chancery Court at McMinnville—yet it is manifest that under the decree of May Term, 1869, which declares the appellant a creditor of the estate of William West, and directs that he be made a party defendant,

he has brought himself within the provisions of the statute—within the time allowed by the statute, and having presented his claim or made known his demand, and had himself made a party defendant, he must be taken to have "come in under these proceedings" in the sense of the law, and the operation of the statute of limitations is saved. The Chancellor's order that the claims be filed by the next term, could not, of course, lessen or enlarge the time of the statutory bar. The presentation of a demand to the Clerk, under these insolvent laws, is one thing, and the auditing thereof another. The Court was satisfied, at May Term, 1869, that the appellant was a creditor, and so pronounced him and made him a party, and this must be taken as a presentation of the claim in the sense of the law, and a recognition thereof by the Court. If the demand was not then barred, the failure to present it within the time prescribed in the decree, and notice could not affect it. Under the statute the presentation would still be good, if made before the final appropriation of the funds. Code, Section 2,330. We think the claim was filed in time, and that the same was not, under the facts of the case, subject to the operation of the statute of limitations after the presentation, as evidenced by the decree that was rendered, under which the appellant was declared a creditor and made a party. The transcript filed by the appellant, from the Woodbury Chancery Court, as the evidence of his debt, is assailed for irregularity. We do not understand the Chancellor to have adjudicated upon the justice of the debt or the

regularity of the evidence thereof, as these questions were not properly raised by the exceptions. His decision, as we understand it, rests upon the statute of limitations, and the time of filing the claim, and we determine nothing more.

Reverse the decree and remand the cause.